UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| JAMES GILBERT TUTTLE II, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3: 10-12-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| CARROLL COUNTY DETENTION | ) | **MEMORANDUM OPINION** |
| CENTER, et al., | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*

James Gilbert Tuttle II, an individual incarcerated at the Roederer Correctional Complex in LaGrange, Kentucky, has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983. [Record No. 1] This action will be dismissed for failure to state a claim upon which relief may be granted.[1]

Tuttle asserts that, on October 19, 2009, he was arrested by the Kentucky State Police on a parole violator warrant and taken to the Carroll County Detention Center for booking. At that time, Tuttle alleges, Defendant Hensley "grabbed [Tuttle's] privates and squeezed them really hard" while conducting a pat-down search. [Record No. 1, p. 4] Tuttle further alleges that he

---

1  The Court conducts a preliminary review of civil rights complaints pursuant to 28 U.S.C. § 1915A. Because the plaintiff is proceeding *pro se*, his complaint is reviewed under a more lenient standard. *See Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999) ("Pro se plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings."). The Court accepts the plaintiff's factual allegations as true, and his legal claims are liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, the Court must dismiss a case at any time if it determines the action is frivolous or malicious or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2).

complained to Jailer Humphrey who indicated that such searches were a normal consequence of incarceration. [*Id.*] Tuttle asserts that he "feel[s] that [his] privacy and dignity were violated" as a result of Hensley's conduct. [*Id.*] He seeks compensatory damages. [*Id.*, p. 6]

Federal law requires the Court to screen prisoner complaints that assert civil claims against governmental entities or employees and to dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(a), (b). Because a claim must state sufficient factual matter which, if accepted as true, would "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," a claim is subject to dismissal for failure to state a claim where the complaint pleads facts that are "merely consistent with" a defendant's liability. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (internal quotation marks omitted)).

Tuttle's Complaint fails to state a claim for a violation of his constitutional rights. Courts considering similar claims have held that allegations of contact with an inmate's or prisoner's genitals during the course of a single pat-down search or full frisk are insufficient to support a claim of constitutional dimension. *See Davis v. Castleberry*, 364 F. Supp. 2d 319, 321-22 (W.D.N.Y. 2005) (finding allegation that officer grabbed inmate's penis during routine pat-down insufficient to state constitutional claim and noting that a legitimate pat-down may require touching inmate's genital area for the search to be effective); *Williams v. Keane*, No. 95 Civ. 0379, 1997 WL 527677, at *9-*11 (S.D.N.Y. Aug. 25, 1997) (no Eighth Amendment claim

where inmate alleged that his testicles were fondled by officer as part of a routine pat-down when exiting the mess hall). As one court explained:

> [a]ny manual search of an individual's body will require some amount of manipulation of the genitals in order to accomplish the purpose of the search. Although "grabbing" and "tugging" could cause some discomfort and embarrassment, it does not rise to the level of "unnecessary and wanton infliction of [pain]" so long as it occurs as part of an otherwise justified search.

*Cherry v. Frank*, No. 03-129, 2003 WL 23205817, at *12 (W.D. Wis., Dec. 4, 2003), *aff'd*, 125 F. App'x 63, 66 (7th Cir. 2005); *see also Hughes v. Smith*, 237 F. App'x 756, 759 (3d Cir. 2007) (no Eighth Amendment violation arising from allegation that correctional officer, who had previously made sexual comments to the plaintiff inmate, allegedly touched plaintiff's testicles through his clothing during a single pat-down frisk, citing *Bradley v. United States*, 299 F.3d 197, 203 (3d Cir. 2002) (pat-down search performed on woman by female United States Customs Service did not violate Fourth Amendment notwithstanding allegation that inspector allegedly used fingers to "inappropriately push" on plaintiff's breasts and outer portions of her genitalia through plaintiff's dress)). Tuttle's allegation that Hensley grabbed his genitals and squeezed them in the course of a pat-down search during the booking process is likewise insufficient to implicate constitutional concerns.

In any event, Tuttle's alleged injury to his "privacy and dignity" does not satisfy the physical-injury requirement that must be met to state a claim under § 1983. A prisoner may not bring a federal civil action "for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). While "the physical injury required by § 1997e(e) for a § 1983 claim need not be significant, it must be more than *de minimis* for an

Eighth Amendment claim to go forward." *Flanory v. Bonn*, No. 09-1161, 2010 WL 1791327, at *4 (6th Cir. May 6, 2010). Applying this standard, the Sixth Circuit has repeatedly dismissed claims for purely emotional injury, humiliation, or affronts to dignity as lacking the requisite *de minimis* physical injury. *See Adams v. Rockafellow*, 66 F. App'x 584, 586 (6th Cir., May 28, 2003) (affirming dismissal of claims for mental or emotional injury arising out of strip searches); *Robinson v. Corr. Corp. of Am.*, 14 F. App'x 382, 383 (6th Cir., June 20, 2001) (affirming dismissal of claims for "emotional distress, embarrassment, humiliation, and itching"); *Bey v. Garber*, No. 99-1471, 2000 WL 658721, at *1 (6th Cir., May 12, 2000) (alleged embarrassment suffered by inmate seen naked by female corrections staff failed to satisfy physical-injury requirement); *see also Thompson v. Carani*, No. CV 106-099, 2007 WL 2317290, at *3 n.2 (S.D. Ga., Aug. 10, 2007) (dismissing claims seeking compensatory damages for "loss of dignity, shame, and mortification"). Tuttle alleges no physical injury to support a claim under § 1983. Accordingly, it is hereby

**ORDERED** as follows:

(1) Plaintiff's Complaint [Record No. 1] is **DISMISSED**, with prejudice.

(2) Judgment will be entered this date in accordance with this Memorandum Opinion and Order.

This 2nd day of June, 2010.



Signed By:
*Danny C. Reeves* DCR
United States District Judge