UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | |
|---|---|
| JAMES GILBERT TUTTLE, II, | ) |
|     Plaintiff, | ) Civil Action No. 3: 10-12-DCR |
| V. | ) |
| CARROLL COUNTY DETENTION CENTER, et al., | ) **MEMORANDUM OPINION AND ORDER** |
|     Defendants. | ) |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is pending for consideration of Plaintiff James Tuttle's motion for reconsideration of the Court's Memorandum Opinion and Order dismissing his Complaint for failure to state a claim upon which relief may be granted. [Record No. 13] For the reasons discussed below, the Court will deny the Defendants' motion.

**I.    Relevant Facts**

Tuttle's Complaint, filed March 2, 2010, contains the following statement in support of his claim:

> (1) On October 19th 2009 I was arrested on a Parole Violation Warrant and taken to the Carroll County Detention Center by the State Police. I was booked in by Ms. Hensley and also patted down by her. This is when she grabbed my privates and squeezed them really hard. (2) I wrote the Jailer Mike Humphrey and advised him what had happened. His response was, "Don't keep coming to jail and you won't have to worry about things like that." Not long after this I was transferred to Simpson Co. Jail. The booking procedure was video recorded. I feel that my privacy and dignity were violated.

-1-

[Record No. 1] As this quote amply demonstrates, while Tuttle asserted that Defendant Hensley "grabbed his privates and squeezed them really hard" he did not allege that any demonstrable injury occurred as a result of the Defendant's actions. Instead, he sought to recover for damage to his privacy and dignity.

On June 2, 2010, this Court dismissed Tuttle's Complaint in accordance with 28 U.S.C. § 1915A. After summarizing Tuttle's claims, the Court explained that allegations of improper contact with an inmate's genitals during the course of a single pat-down search or full frisk are insufficient to support a claim of constitutional dimension. [See Record No. 11, pp. 2-4] Having reviewed the Court's Memorandum Opinion, Tuttle now seeks to avoid dismissal by making new allegations. Through his motion for reconsideration, he now contends that the Defendant acted with malice to cause bodily harm and physical injury and that the Defendant's actions resulted in actual swelling of his testicles.

**II.     Analysis**

Motions for reconsideration, or, motions to alter or amend a judgment, are governed by Rule 59(e) of the Federal Rules of Civil Procedure. Courts have "considerable discretion" in ruling on Rule 59(e) motions. *Huff v. Metropolitan Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982). The Sixth Circuit has consistently ruled that very few grounds support the grant of such a motion: (1) clear errors of law; (2) newly discovered evidence; (3) intervening changes in controlling law; or (4) a need to prevent manifest injustice. *Henderson v. Walled Lake Consol. Schs.*, 469 F.3d 479, 496 (6th Cir. 2006). None of these grounds are implicated by the Defendants' motion. Tuttle has not shown that the Court's analysis of his claims based on the

allegations contained in his Complaint is incorrect in any way. Further, the alleged injury which he now seeks to claim cannot be considered newly discovered evidence. If Tuttle believed that he had been injured in the way described in his motion for reconsideration (*i.e.*, swelling of his testicles), he would have surely know of such alleged injury at the time his Complaint was filed. However, rather than make the allegation at that time, he simply contended that he has suffered injury to his privacy and dignity.

Likewise, Tuttle has not demonstrated any intervening change in the applicable law relating to the claims contained in his Complaint or that this Court should alter its earlier opinion in order to prevent manifest injustice. As a result, Tuttle has failed to allege any ground necessary to support altering or amending the Court's earlier determination. Accordingly, it is hereby

**ORDERED** that the Plaintiff's motion for reconsideration [Record No.13] is **DENIED**.

This 7th day of June, 2010.

Signed By:
*Danny C. Reeves* DCR
United States District Judge